**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT ANDREW HREHA,<br><br>        Plaintiff,<br><br>        v.<br><br>ORANGE COUNTY DISTRICT ATTORNEY et al.,<br><br>        Defendants. | Case No. SACV 19-0192-JFW (JPR)<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM |

    On January 22, 2019, Plaintiff, an inmate at the Central Men's Jail in Orange County, filed in the Southern District of California a civil-rights action under 42 U.S.C. § 1983. The case was transferred to this District on January 31, 2019, and he was subsequently granted leave to proceed in forma pauperis. His claims arise from his August 2018 arrest and ongoing detention on unspecified charges.

    On February 26, 2019, after screening the Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court dismissed it with leave to amend because, among other deficiencies, it failed to state any claim upon which relief could be granted. Plaintiff was ordered to file an amended pleading no later than March 26, 2019,

1

and was warned that failure to do so could result in dismissal of his lawsuit for the reasons stated in the dismissal order or for failure to diligently prosecute.

To date, Plaintiff has not filed an amended complaint, requested an extension of time to do so, or otherwise responded to the dismissal order in any way. The dismissal order was sent to his address of record and was not returned as undeliverable.

Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a pro se plaintiff's lawsuit for failure to prosecute. See also Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). A court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. In particular, Plaintiff has offered no explanation for his failure to file an amended complaint. Thus, he has not rebutted the presumption of prejudice to Defendants. No less drastic sanction is available,

as the Complaint fails to state a claim and should not be ordered served; as a result, the Court is unable to manage its docket. Although the fourth Carey factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261-62 (9th Cir. 1992) (as amended) (upholding dismissal of pro se civil-rights action for failure to timely file amended complaint remedying deficiencies in caption); Baskett v. Quinn, 225 F. App'x 639, 640 (9th Cir. 2007) (upholding dismissal of pro se civil-rights action for failure to state claim or timely file amended complaint).

**ORDER**

Accordingly, this action is dismissed for failure to prosecute and for the reasons stated in the Court's February 26, 2019 order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 23, 2019

JOHN F. WALTER
U.S. DISTRICT JUDGE

Presented by:

Jean P. Rosenbluth
U.S. Magistrate Judge